OPINION *Page 2 
{¶ 1} Defendant Michael R. Kemp appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which terminated the shared parenting plan between appellant and his ex-wife, plaintiff-appellee Jeanne G. Gage regarding their minor daughter. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE MAGISTRATE ABUSED HER DISCRETION IN TERMINATING THE SHARED PARENTING PLAN WHEN ALL EVIDENCE DEMONSTRATED THAT MAKENNA HAD THRIVED UNDER THE PLAN.
 {¶ 3} "II. THE MAGISTRATE FAILED TO FOCUS ON THE BEST INTEREST OF MAKENNA WHEN CONSIDERING THE MOTION FOR REALLOCATION OF PARENTAL RIGHTS.
 {¶ 4} "III. THE MAGISTRATE ABUSED HER DISCRETION IN RELYING SUBSTANTIALLY ON THE RECOMMENDATIONS OF THE PSYCHOLOGIST WHO WAS NOT AN IMPARTIAL CUSTODY EVALUATOR.
 {¶ 5} "IV. THE MAGISTRATE ABUSED HER DISCRETION IN FAILING TO FOCUS ON THE BEST INTEREST OF THE CHILD RATHER THAN THE HEALTH CONCERNS OF THE APPELLEE."
 {¶ 6} The record indicates the parties were married in 2000 and produced one child, born in 2002. When the parties divorced in 2003, they entered into a shared parenting agreement which provided the child should live with each parent on alternate weeks, with the non-residential parent having the child from Wednesday evening to Thursday morning. *Page 3 
 {¶ 7} In June 2005, appellee filed a motion to modify or terminate the shared parenting agreement because she planned to re-marry and move to the west coast for health reasons. In July, 2005, appellant also filed a motion for modification or termination of the shared parenting plan. Both parties proposed new shared parenting plans. Appellant's plan provided during the school year appellant would be the residential parent of the child, with appellee having parenting time at least one weekend per month. If appellee was unable to exercise her parenting time, appellee's relatives or the child's godparents could act as substitutes for appellee. After school ended for the summer, the child would live with appellee except for two weeks in July when she would return to appellant's home.
 {¶ 8} Appellee's shared parenting plan provided the child would live with appellee, and appellant would have the court's standard schedule "(B)" visitation. Companionship Schedule B is designed for long distance situations, and provides the non-residential parent will have six weeks companionship during the traditional summer school vacation, one week during the Christmas holiday, and one week during Easter.
 {¶ 9} The matter was referred to a magistrate, who conducted a hearing on the matter, and rendered a decision containing extensive findings of fact. The magistrate also made conclusions of law, and made appellee the residential parent of the child with appellant enjoying parenting time pursuant to Schedule B with some modifications for transportation issues and telephone contact.
 {¶ 10} Appellant objected to the magistrate's decision to the trial court, arguing the magistrate had abused her discretion and had been arbitrary in her decision. Appellant urged the magistrate had improperly applied Ohio law, and had construed the *Page 4 
evidence in favor of appellee while ignoring appellant's evidence. Appellant also argued the magistrate failed to consider the best interest of the minor child.
 {¶ 11} The trial court's judgment entry states it had reviewed the transcripts and exhibits and conducted an independent analysis of the issues and law. The court overruled appellant's objection and approved and adopted the magistrate's decision.
 {¶ 12} In general, the Supreme Court has applied the abuse of discretion standard in reviewing the propriety of a trial court's determination in a domestic relations case, Booth v. Booth (1989),44 Ohio St. 3d 142, 144. The Court specifically made the abuse of discretion standard applicable to custody proceedings in Miller v.Miller (1988), 37 Ohio St. 3d 71. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, Booth at 144, citingBlakemore v. Blakemore (1983), 5 Ohio St. 3d 217.
 I. {¶ 13} In his first assignment of error, appellant argues the court abused its discretion in terminating the shared parenting plan when all evidence demonstrated the child had thrived while the plan was in effect.
 {¶ 14} R.C. 3109.04 (E) permits a court to modify the terms of a plan for shared parenting upon its own motion at any time, or upon the request of one or both parents if the court determines the modifications are in the best interest of the child.
 {¶ 15} Because appellant filed a motion to modify the plan, he may challenge the modifications the court made but cannot now argue the court should have retained the original plan.
 {¶ 16} The first assignment of error is overruled. *Page 5 
 II IV {¶ 17} Appellant's second and fourth assignments of error argue the court failed to focus on the best interest of the child. R.C. 3109.04
(F)(1) lists the factors a court should consider in determining the best interest of the child. Those factors include:
 {¶ 18} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 19} (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 20} (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 21} (d) The child's adjustment to the child's home, school, and community;
 {¶ 22} (e) The mental and physical health of all persons involved in the situation;
 {¶ 23} (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 24} (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 25} (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful *Page 6 
act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 26} (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 27} (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 28} Appellant argues the trial court focused on appellee's health and best interest rather than the child's.
 {¶ 29} In her decision, the magistrate found it necessary to modify the parties' parental rights and responsibilities in order to serve the best interest of the minor child. The magistrate took note of the factors listed in R.C. 3109.04 (F)(1). The magistrate found if appellant became the residential parent, he would not encourage her to maintain a relationship with her mother, and might even attempt to thwart any efforts to *Page 7 
do so, while appellee is more focused on the child and has demonstrated she understands the child needs to connect wherever possible and however possible with the long distance parent.
 {¶ 30} Issues regarding the credibility of witnesses and weight to be given the evidence are primarily for the trier of fact, who is free to believe all, part, or none of the testimony of each witness who appears before it, State v. Caldwell (1992), 79 Ohio App. 3d 667,607 N.E. 2d 1096. This court may not reverse a trial court's decision based on the weight of the evidence where there is sufficient competent and credible evidence which supports to the trial court's conclusion, see, e.g.,State v. Eskridge (1988), 38 Ohio St. 3d 56, 526 N.E. 2d 304.
 {¶ 31} We have reviewed the record, and we find the magistrate and trial court correctly focused on the best interest of the child. Further, our review of the record indicates the court did not abuse its discretion in terminating the shared parenting plan and reallocating the parental rights and responsibilities.
 {¶ 32} The second and fourth assignments of error are overruled.
 III. {¶ 33} In his third assignment of error, appellant argues the magistrate abused her discretion in relying substantially on the recommendations of the psychologist, Dr. Robin Tener, whom appellant characterizes as biased in favor of appellee.
 {¶ 34} Dr. Tener presented a thirty page custody evaluation to the court and was called as a witness in the hearing. The magistrate's decision discussed appellant's challenge to Dr. Tener's impartiality, and found appellant had never asked the court to appoint a different evaluator, even though he was aware of the issues early on. The *Page 8 
court found appellant attempted to discredit the evaluation process because he was dissatisfied with its results.
 {¶ 35} Specifically, appellant argues Dr. Tener had improper contact with appellee because she counseled the appellee on one occasion. In a tragic series of events, appellant's mother died of cancer, and the following day, appellee's teenage daughter was killed in a car accident. Appellee contacted Dr. Tener to discuss the effect these losses would have on the child, and to ask how one explained these events to a three year child.
 {¶ 36} Appellant cross-examined Dr. Tener regarding her contact with appellee during the crisis supra. Dr. Tener testified she was able to remain objective and had empathy for both parties who suffered deaths in their families at about the same time. Dr. Tener specifically denied she had formed any emotional bond with appellee because of their telephone conversation, and she did not bill the appellee for the time. At the hearing, appellant testified he believed appellee had not really wanted any advice but had contacted Dr. Tener in order to influence her evaluation.
 {¶ 37} Appellant also argues he and Dr. Tener had some friction regarding his insurance coverage and the payment of her fee.
 {¶ 38} We have reviewed the record, and we find the magistrate did not abuse her discretion in considering the psychologist's report and testimony.
 {¶ 39} The third assignment of error is overruled. *Page 9 
 {¶ 40} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
 Gwin, P.J., Hoffman, J., and Wise, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1